```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CJ CGV CO., LTD.,                                                :
                                                                 :
                             Applicant,                          :
                                                                 :     23 Misc. 450 (JPC)
              -v-                                                :
                                                                 :            ORDER
                                                                 :
SONY MUSIC PUBLISHING (US) LLC and EMI                           :
ENTERTAINMENT WORLD,                                             :
                                                                 :
                             Respondents.                        :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Applicant CJ CGV Co., Ltd. filed an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (the "Application") authorizing it to take discovery from Respondents Sony Music Publishing (US) LLC and EMI Entertainment World Inc. for use in a foreign proceeding pending in South Korea before the Seoul High Court.

The Application is granted. Title 28, United States Code, Section 1782 provides, *inter alia*, that, "upon the application of any interested person," "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The Court finds that Applicant has satisfied each statutory requirement for discovery pursuant to Section 1782. First, as each Respondent is found in this District. *See* Dkt. 4 ¶¶ 6, 8. Second, the requested discovery is for use in a foreign proceeding, a civil litigation appeal pending before the Seoul High Court in Korea. *See, e.g., id.* ¶¶ 17, 22. Lastly, as a participant in those

proceedings, Applicant is an interested person within the meaning of Section 1782. *See id.* ¶¶ 10-16, Exh. A.

The Court further finds that the discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004), further weigh in favor of granting the Application. In particular, Respondents are not participants in the foreign proceeding; the nature of the foreign tribunal weighs in favor of granting the Application, as Applicant has represented that the foreign tribunal has expressly approved submission of the discovery it seeks, Dkt. 4 ¶ 21; there is no indication that the Application is an attempt to circumvent proof-gathering restrictions under Korean law; and the discovery requests in Applicant's subpoenas to Respondents do not appear to be unduly intrusive or burdensome.

Accordingly, the Application is granted, and Applicant is authorized to serve Respondents with the subpoenas attached to this Order as Exhibits A and B. Respondents are further ordered to produce the documents in their possession, custody, and control that are responsive to the requests in those subpoenas no later than thirty days after entry of this Order.

SO ORDERED.

Dated: November 24, 2023
      New York, New York

_____
JOHN P. CRONAN
United States District Judge

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| CJ CGV Co., Ltd | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Sony Music Publishing (US) LLC, EMI Entertainment World Inc | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sony Music Publishing (US) LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Sony Music Publishing (US) LLC
25 Madison Avenue, 24th Floor
New York, New York 10010

| Place: Allen & Overy LLP<br>1221 Ave of the Americas<br>New York, New York 10020 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CJ CGV Co., Ltd.
_____, who issues or requests this subpoena, are:
Sapna W. Palla (sapna.palla@allenovery.com), Allen & Overy LLP, 1221 Ave of the Americas, New York, New York 10020

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

Case 1:23-mc-00450-JPC   Document 7   Filed 11/24/23   Page 6 of 20

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

2. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York—including, but not limited to, the definitions of "Documents," "Communications," "Concerning," "Identify," and "Person"—are hereby incorporated and apply to the requests for the production of Documents set forth herein (the "Requests," and each, a "Request"). These definitions apply throughout these Requests without regard to capitalization. In addition, as used in the Requests, the words set forth below shall be defined as follows:

3. **"Disney"** means the Walt Disney Company, the current owner of Twentieth Century Fox Film Corporation.

4. **"EMI"** means EMI Entertainment World Inc.

5. **"ESI"** has the meaning ascribed to it in the Federal Rules of Civil Procedure 26 and 34(a).

6. **"Film"** means the 2018 film "Bohemian Rhapsody" distributed by Twentieth Century Fox Film Corporation, now owned by the Walt Disney Company.

7. **"Fox"** means Twentieth Century Fox Film Corporation, now owned by the Walt Disney Company.

8. **"PRS"** means the Performing Rights Society.

9. **"Sony," "You,"** or **"Your"** means Sony Music Publishing (US) LLC, previously

known as Sony/ATV Music Publishing LLC, and its parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and acquired entities, whether incorporated or unincorporated, and any director, partner, officer, employee, shareholder, consultant, or agent acting on behalf of any of them.

10. **"Sync Agreement"** means the Synchronization License Agreement dated January 14, 2016 between Sony/ATV Music Publishing LLC and Twentieth Century Fox Film Corporation in relation to the film, "Bohemian Rhapsody."

## **INSTRUCTIONS**

1. In complying with the Requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including those Documents and Communications in the possession, custody, or control of Your employees, agents, advisors, brokers, dealers, investigators, accountants, or other persons acting or purporting to act on your behalf, regardless of location.

2. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

3. Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

4. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

5. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents and Communications responsive to the part of the Request to which You did not object.

6. If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege or other protection, You shall comply with Rule 26 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Rules of the United States District Court for the Southern District of New York.

7. If information is redacted from a Document or Communication produced in response to a Request, You Shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted and separately

log each redaction on the privilege log.

8. If You cannot respond to these Requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

9. If There are no Documents or Communications responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

10. If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous, and (ii) describe the manner in which You construed the Request in order to frame Your response.

11. Documents and Communications in electronic form, including e-mail, should be produced in single-page tagged image file format ("TIFF"). Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in Document level text files. Spreadsheets, PowerPoint presentation files and structured database files should be provided in native format, with any accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet or PowerPoint file should be clearly labeled to indicate the placeholder Bates number that correspondents to each spreadsheet.

12. Unless otherwise instructed or clear from the context of the Request, these Requests seek responsive documents and Communications authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during the period from January 1, 2015 to December 31, 2018.

## DOCUMENT REQUESTS

**Request No. 1**

Documents and communications sufficient to show which rights Sony had in relation to the music in the Film at the time of the Sync Agreement.

**Request No. 2**

Documents and communications sufficient to show from whom Sony received its rights in relation to the music in the Film at the time of the Sync Agreement.

**Request No. 3**

Documents and communications sufficient to show how Sony acquired the performing rights for the music in the Film.

**Request No. 4**

Documents and communications sufficient to show Sony obtaining the performance rights for the music in the Film from PRS and/or Queen.

**Request No. 5**

Copies of any license agreements between Sony and the Performing Rights Society, Queen Music Ltd., or the authors of the compositions featured in the Film.

# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| CJ CGV Co., Ltd | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Sony Music Publishing (US) LLC, EMI Entertainment World Inc | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Sony Music Publishing (US) LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: EMI Entertainment World Inc
25 Madison Avenue
New York, New York 10010

| Place: Allen & Overy LLP
1221 Ave of the Americas
New York, New York 10020 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                *CLERK OF COURT*
                                              OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CJ CGV Co., Ltd.
_____, who issues or requests this subpoena, are:

Sapna W. Palla (sapna.palla@allenovery.com), Allen & Overy LLP, 1221 Ave of the Americas, New York, New York 10020

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:23-mc-00450-JPC   Document 7   Filed 11/24/23   Page 14 of 20

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

2. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York—including, but not limited to, the definitions of "Documents," "Communications," "Concerning," "Identify," and "Person"—are hereby incorporated and apply to the requests for the production of Documents set forth herein (the "Requests," and each, a "Request"). These definitions apply throughout these Requests without regard to capitalization. In addition, as used in the Requests, the words set forth below shall be defined as follows:

3. **"Disney"** means the Walt Disney Company, the current owner of Twentieth Century Fox Film Corporation.

4. **"EMI," "You,"** or **"Your"** means EMI Entertainment World Inc. and its parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and acquired entities, whether incorporated or unincorporated, and any director, partner, officer, employee, shareholder, consultant, or agent acting on behalf of any of them.

5. **"ESI"** has the meaning ascribed to it in the Federal Rules of Civil Procedure 26 and 34(a).

6. **"Film"** means the 2018 film "Bohemian Rhapsody" distributed by Twentieth Century Fox Film Corporation, now owned by the Walt Disney Company.

7. **"Fox"** means Twentieth Century Fox Film Corporation, now owned by the Walt

Disney Company.

      8.     **"PRS"** means the Performing Rights Society.

      9.     "**Sony,**" means Sony Music Publishing (US) LLC, previously known as Sony/ATV Music Publishing LLC.

      10.     **"Sync Agreement"** means the Synchronization License Agreement dated January 14, 2016 between Sony/ATV Music Publishing LLC and Twentieth Century Fox Film Corporation in relation to the film, "Bohemian Rhapsody."

**INSTRUCTIONS**

1. In complying with the Requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including those Documents and Communications in the possession, custody, or control of Your employees, agents, advisors, brokers, dealers, investigators, accountants, or other persons acting or purporting to act on your behalf, regardless of location.

2. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

3. Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

4. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

5. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents and Communications responsive to the part of the Request to which You did not object.

6. If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege or other protection, You shall comply with Rule 26 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Rules of the United States District Court for the Southern District of New York.

7. If information is redacted from a Document or Communication produced in response to a Request, You Shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted and separately

Document or Communication at each place where information has been redacted and separately log each redaction on the privilege log.

8. If You cannot respond to these Requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

9. If There are no Documents or Communications responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

10. If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous, and (ii) describe the manner in which You construed the Request in order to frame Your response.

11. Documents and Communications in electronic form, including e-mail, should be produced in single-page tagged image file format ("TIFF"). Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in Document level text files. Spreadsheets, PowerPoint presentation files and structured database files should be provided in native format, with any accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet or PowerPoint file should be clearly labeled to indicate the placeholder Bates number that correspondents to each spreadsheet.

12. Unless otherwise instructed or clear from the context of the Request, these Requests seek responsive documents and Communications authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during the period from January 1, 2015 to December 31, 2018.

## DOCUMENT REQUESTS

**Request No. 1**

Documents and communications sufficient to show which rights EMI had in relation to the music in the Film at the time of the Sync Agreement.

**Request No. 2**

Documents and communications sufficient to show from whom EMI received its rights in relation to the music in the Film at the time of the Sync Agreement.

**Request No. 3**

Documents and communications sufficient to show how EMI acquired the performing rights for the music in the Film.

**Request No. 4**

Documents and communications sufficient to show EMI obtaining the performance rights for the music in the Film from PRS and/or Queen.

**Request No. 5**

Copies of any license agreements between EMI and the Performing Rights Society, Queen Music Ltd., or the authors of the compositions featured in the Film.