**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CJ CGV CO., LTD.,<br>　　　　　　　*Applicant*<br><br>　　v.<br><br>SONY MUSIC PUBLISHING (US) LLC and<br><br>EMI ENTERTAINMENT WORLD INC.<br>　　　　　　　*Respondents* | 23 Misc. 450 (JPC)<br><br>[~~PROPOSED~~] STIPULATED<br>PROTECTIVE ORDER |

　　　　Applicant CJ CGV CO., LTD. ("Applicant") and Respondents Sony Music Publishing (US) LLC ("SMP") and EMI Entertainment World Inc. ("EMI," collectively referred to as "Respondents") (Applicant and Respondents are sometimes referred to herein individually as a "Party" and collectively as the "Parties"), through their respective counsel of record, hereby submit this Confidentiality and Protective Order ("Protective Order") for the Court to so order.

　　　　WHEREAS, Applicant invoked 28 U.S.C. Section 1782 to seek the issuance of a subpoena upon Respondents in aid of an action in which Applicant is a defendant in a proceeding in the Republic of Korea ("Korea"); and,

　　　　WHEREAS, according to the Declaration in support of the Application of Applicant, the information that was sought for use in the proceeding in Korea was the license between EMI and/or SMP and Twentieth Century Fox Film Corporation with respect to the motion picture "Bohemian Rhapsody;" and,

　　　　WHEREAS, in response to Applicant's *ex parte* application, the Court, on November 24, 2023, issued an Order authorizing Applicant to serve subpoenas on Respondents and requiring Respondents to produce responsive documents within thirty (30) days from the date of the Order; and

WHEREAS, Applicant served Respondents with the subpoenas authorized by the Court's Order on December 8, 2023, requiring Respondents to produce responsive documents by no later than December 22, 2023; and,

WHEREAS, counsel for Respondents and counsel for Applicant have had discussions regarding the scope of the subpoenas and the proprietary and confidential nature of the documents sought thereby and the need for a protective order to assure that the confidentiality of any documents that may be produced will be protected both in this proceeding and in the Korean action; and,

WHEREAS, without prejudice to Respondents' objections to the scope of the subpoenas and their right to seek to quash, modify or condition the subpoenas, Applicant and Respondent have agreed that a Protective Order should be issued.

THEREFORE, for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Protective Order governs the handling of any document that may be produced by Respondents in response to the subpoenas in connection with this proceeding and any action in Korea in which Applicant proposes to use any of the documents that may be produced in response to the subpoenas. Any documents that may be produced by Respondents may be designated "Confidential" or "Highly Confidential" by Respondents pursuant to Paragraph 2 of this protective order.

2. As used herein:

(a) "Confidential Information" shall include any documents and testimony which Respondents reasonably believe not to be in the public domain and contains any trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which would, in the good faith

judgment of Respondents be detrimental to the conduct of their business or the business of any of Respondents' contracting parties or songwriters or their heirs or can reasonably be considered violative of, or detrimental to, their personal privacy if made available to individuals or entities other than those identified in paragraph 4, below.

    (b)    "Highly Confidential Information" shall include any Confidential Information which Respondents reasonably believe to be so sensitive that it is entitled to extraordinary protections afforded such information under this protective order.

    (c)    "Producing party" shall mean Respondents.

    (d)    "Receiving party" shall mean Applicant and any person or entity to whom Applicant may provide any "Confidential Information" or "Highly Confidential Information" in connection with this proceeding and the proceeding in Korea.

    3.    A Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other information or material as Confidential Information or Highly Confidential Information. If the Producing party does not agree to de-designate or re-designate such document, information or material, such Receiving party may move before the Court for an order de-designating or re-designating those documents, information or materials. If no such motion is filed and granted, such documents, information and/or materials shall continue to be treated as initially designated by the Producing party. If such motion is filed, the documents, information and/or other materials that are the subject thereof shall continue to be treated as Confidential Information or Highly Confidential Information (according to their initial designations) unless and until the Court rules otherwise. The burden of demonstrating that information has been properly designated under this Order is on the Party or third-party making the designation.

    4.  Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    (a)  personnel of Applicant directly assisting in this proceeding and in the proceeding in Korea, provided that such persons have been advised by their outside counsel about this Order and they have acknowledged their obligations hereunder;

    (b)  outside counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in this proceeding and the proceeding in Korea and are under the supervision or control of such counsel, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

    (c)  in-house counsel for the Parties who are necessary for the furtherance of and are directly assisting in this proceeding and the proceeding in Korea and staff and supporting personnel of such attorneys who are under their supervision or control, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

    (d)  expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this proceeding and the proceeding in Korea; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

    (e)  the Court and court personnel, if filed in accordance with paragraph 12 hereof and the Korean Court as may be necessary;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer who are under their supervision or control and who have been advised by such officer of and have acknowledged their obligations hereunder, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(g) witnesses at trial, depositions and hearings or other proceedings in this proceeding and the proceeding in Korea if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(h) any other person agreed to by the parties in writing prior to any disclosure to such person.

5. Except with the prior written consent of Respondents, by Order of the Court, or by following the procedures of Paragraph 9 and the rules of civil procedure in the Korean Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 4(b) and (d) - (h).

6. Confidential Information and Highly Confidential Information shall be utilized by the Receiving party and those to whom it is entitled to disclose such information solely for purposes of the proceeding in Korea and for no other purposes.

7. Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraph 4(d) or 6 hereof, counsel for the Receiving party shall obtain the expert's written, signed agreement, in the form of Exhibit A attached hereto, to comply with and be bound by this protective order.

8. To the extent that there are any depositions or their equivalent in the proceeding in Korea, any information that is derived from any documents that may be produced by

Respondents shall presumptively be treated as Confidential Information hereunder and subject to this protective order during the deposition and for a period of twenty (20) days after a final transcript of said deposition is mailed via overnight mail by counsel for the deposing party to counsel for the witness with a copy to Respondents. At or before the end of such twenty day period, the deposition shall be designated appropriately, failing which the entire transcript shall be deemed non-confidential.

9. Should the need arise for any of the Parties to disclose Confidential Information or Highly Confidential Information during any hearing, trial or other proceeding before the Court or the Court in the Korean proceeding, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court or the Court in Korea, upon motion of the Party intending to make such disclosure (on reasonable notice to Respondents), shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

10. This protective order shall not preclude counsel for the Parties from using any documents, information or materials which have been designated as "Confidential Information" or "Highly Confidential Information" during any deposition or its equivalent in the proceeding in Korea in accordance with the terms hereof. Any deposition witness (other than persons identified in paragraph 4(a)-(d), (h)) who is given access to Confidential Information or Highly Confidential Information at a deposition shall, at least three days prior thereto, be provided with a copy of this protective order and shall execute the certificate annexed hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for Respondents.

11. All pleadings, briefs, memoranda or other submissions that reproduce, paraphrase or disclose any documents, information or materials which have previously been designated by a

party as comprising or containing Confidential Information or Highly Confidential Information shall be redacted to preserve confidentiality other than as provided to the Court, the Court in the Korean Proceeding, and the parties to the proceeding in Korea.

12. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. If a Producing party inadvertently produces any document, information or materials in response to the subpoena that the Producing party later claims should have been withheld or redacted on grounds of a privilege, including the attorney-client privilege or work product doctrine or because it is not relevant to the proceeding in Korea (collectively referred to hereinafter as an "Inadvertently Produced Privileged Material"), such inadvertent production will not be deemed to waive any privilege, work product or other protection. In such a case, the Producing party may request the return of any such document, information or materials that it inadvertently produced by identifying the Inadvertently Produced Privileged Material and stating the basis for withholding such document, information or material from production. If a Producing party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Material then in the custody of Applicant or other permitted persons under Paragraph 4(a)-(d), (h), the possessing Parties shall, within five (5) business days of their receipt of such a request destroy or return to the Producing party the Inadvertently Produced Privileged Material and all copies thereof and shall make reasonable efforts to expunge from any other document or material information derived from the Inadvertently Produced Privileged Material. Nothing in this protective order shall preclude a Party from arguing that the production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that conduct other

than the alleged inadvertent production in this Action constitutes a waiver of any privilege that may otherwise apply thereto.

14. The production or disclosure of Confidential Information or Highly Confidential Information in this Action shall in no way constitute a waiver of any Party's right to object to the production or disclosure of other information.

15. This protective order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this protective order or other duty of confidentiality; or (b) a Receiving party can demonstrate was already known to that Party prior to the time of disclosure and was not subject to conditions of confidentiality.

16. This protective order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this protective order or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate hereunder or under the Federal Rules of Civil Procedure or other applicable law.

17. This protective order shall continue to be binding after the conclusion of this proceeding and the proceeding in Korea except that a party may seek the written permission of the Producing party or further Order of the Court with respect to dissolution or modification of this protective order. Absent prior written consent of all Parties or Order of the Court, the provisions of this protective order shall continue to be binding after the conclusion of this Action.

18. Entering into this protective order, producing or receiving documents, information or materials designated under this protective order, not objecting to any designation under this protective order, or otherwise complying with the terms of this protective order shall not:

        a. operate as an admission by any Party that any particular document, information or material designated under this protective order contains or

       reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  b. waive or prejudice in any way the rights of any Party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this protective order;

  c. waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this protective order;

  d. waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information or material should be subject to the terms of this protective order; or

  e. waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information.

19. Within sixty (60) days after the final termination of this proceeding or the proceeding in Korea either by settlement or exhaustion of all rights of appeal, all Confidential Information or Highly Confidential Information produced by Respondents and all reproductions and uses thereof shall be returned to Respondents or shall be destroyed, at the option of the Producing party. In the event that a Producing party elects to require the Receiving party to destroy documents, information and materials designated under this protective order, the Producing party shall so notify the Receiving party in writing and the Receiving party shall certify in writing within thirty (30) days of its receipt of such notice that it has undertaken its best efforts to, and to the best of its knowledge did, destroy such documents, information and materials.

20. This protective order may be modified or amended by further Order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED:

Dated: January 9, 2024         **PRYOR CASHMAN, LLP**

By: _Donald S. Zakarin /AkB_
    Donald S. Zakarin

*Attorneys for Respondents*

Dated: January 9, 2024         **ALLEN & OVERY, LLP**

By: _Sapna W. Palla /AkB_
    Sapna W. Palla

*Attorneys for Applicant*

IT IS SO ORDERED.

Dated: _January 10_, 2024

_____
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT A
## CERTIFICATE REGARDING CONFIDENTIALITY

J CGV CO., LTD v. SONY MUSIC PUBLISHING (US) LLC and
EMI ENTERTAINMENT WORLD INC.

23 Misc. 450 (JPC)

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the Southern District of New York on _____, in the above-captioned matter and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms. I agree not to disclose documents, information or materials designated thereunder as "Confidential" or "Highly Confidential" to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions (including contempt) and that I and others to whom I convey Confidential or Highly Confidential Material in violation of the Protective Order may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Confidential or Highly Confidential documents, information and materials only in connection with this litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or is appealed.

_____

Name: _____
Business Address: _____
_____